# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DENNIS A. KENYON | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 4:23-cv-00738-SEP |
| | ) |
| MARTIN O'MALLEY,[1] | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. §§ 405(g) for judicial review of the final decision of Defendant Martin O'Malley, Commissioner of Social Security, denying the application of Plaintiff Dennis A. Kenyon for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* (the Act). Because there is substantial evidence to support the decision denying benefits, the Court will affirm the Commissioner's denial of Plaintiff's application.

**I.  BACKGROUND**

On January 30, 2018, Plaintiff filed for DIB (Tr. 193), alleging that he had been unable to work due to disability since April 15, 2016. Plaintiff's insured status under the Act expired on September 30, 2018, so Plaintiff had to show he was disabled prior to that date in order to be entitled to DIB. (Tr. 23); 20 C.F.R. § 404.130. Plaintiff alleged disability due to type II diabetes, neuropathy of the hands and feet, left shoulder pain with limited range of motion, left hip pain, leg cramps, back pain, chronic cough, blurred vision, dizziness, and dental abscess. (Tr. 211). His application was denied (Tr. 101), and Plaintiff filed a Request for Hearing by Administrative Law Judge (ALJ) (Tr. 107). On February 25, 2020, the ALJ held a hearing on Plaintiff's claim. (Tr. 40-90).

In an opinion issued on April 7, 2020, the ALJ found Plaintiff was not disabled as defined in the Act. (Tr. 20-34). Plaintiff filed a Request for Review of Hearing Decision with the Social Security Administration's (SSA) Appeals Council, which denied his Request for Review. (Tr. 9-

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, Martin O'Malley shall be substituted for Kilolo Kijakazi as the Defendant in this suit. *See* 42 U.S.C. § 405(g).

14).  Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Social Security Administration.

## II.   STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Human Servs.*, 955 F.2d 552, 555 (8th Cir. 1992).  The Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010).  The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."  42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a);[2] *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process).  At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(i); *McCoy*, 648 F.3d at 611.  At Step Two, the Commissioner determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c); *McCoy*, 648 F.3d at 611.  At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings").  20 C.F.R. §§ 404.1520(a)(4)(iii); *McCoy*, 648 F.3d at 611.  If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process.  20 C.F.R. §§ 404.1520(d); *McCoy*, 648 F.3d at 611.

---

[2]  All references throughout this opinion are to the version of the regulations that was in effect as of the date of the ALJ's decision.

Prior to Step Four, the Commissioner must assess the claimant's "residual functional capacity" (RFC), which is "the most a claimant can do despite [his or her] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (citing 20 C.F.R. § 404.1545(a)(1)); *see also* 20 C.F.R. §§ 404.1520(e). At Step Four, the Commissioner determines whether the claimant can return to his past relevant work by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.* At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if he cannot make such an adjustment, he will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012).

### III.  THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ here found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date; that Plaintiff has the severe impairments of degenerative disc disease of the lumbar spine, mild diffuse thoracic spondylosis, diabetes mellitus type II with peripheral neuropathy of the feet, and obesity; and that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 23-25). The ALJ found that, through the date last insured, Plaintiff had the RFC to perform work at a sedentary exertional level, with additional exertional limitations including being able to lift up to 20 pounds occasionally and 10 pounds frequently; stand and walk for a total of 2 hours and sit for a total of 6 hours in an 8-hour work day; he could not climb ladders, ropes, or scaffolding; he could only seldom operate foot controls; he could only occasionally perform postural activities such as balancing, stooping, kneeling, crouching, crawling, or climbing of ramps and stairs; and

he could not be exposed to environmental hazards such as unprotected heights and dangerous machinery or equipment. (Tr. 26).

The ALJ found that Plaintiff's impairments precluded him from his past relevant work, which included truck driver, embroiderer, and general laborer in factories. (Tr. 32). However, considering Plaintiff's age, education, and work experience, and in reliance on the testimony of a vocational expert, the ALJ found that Plaintiff would be able to perform occupations that exist in significant numbers in the national economy, including document preparer (Dictionary of Occupational Titles (DOT) No. 249.587-018, sedentary exertion level, 28,000 jobs in the national economy), callout operator (DOT No. 237.677-014, sedentary exertion level, 36,000 jobs in the national economy), and polisher of eye frames (DOT No. 713.684-038, sedentary exertion level, 19,000 jobs in the national economy). (Tr. 33). The ALJ concluded that Plaintiff was not disabled, as defined in the Act, from the alleged onset date through the date of the decision. *Id.*

## IV.    STANDARD FOR JUDICIAL REVIEW

This Court must affirm the Commissioner's decision if it complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942. *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means— and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). But the Court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good

4

reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

## V.   DISCUSSION

Plaintiff challenges the ALJ's decision, asserting that substantial evidence does not support the ALJ's RFC determination because the ALJ failed to properly evaluate the medical opinion evidence and failed to fully and fairly develop the record. Doc. [15] at 3. Defendant argues that the ALJ properly found the opinion of Plaintiff's podiatrist unpersuasive both because the doctor treated Plaintiff only after the relevant period and because it was inconsistent with medical evidence from the relevant period. Doc. [18] at 1-2. Defendant also maintains that the record was developed adequately for the ALJ to make a decision and that substantial evidence supports the ALJ's determination. *Id*. at 2.

As described above, this Court's role is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson*, 402 U.S. at 401; *Pate-Fire*, 564 F.3d at 942; *Estes*, 275 F.3d at 724. As long as there is substantial evidence in the record that supports the decision, this Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).

The Court has reviewed the entire transcript and the parties' submissions. Based on a careful review of the record, and for the reasons stated in the ALJ's opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and further finds that the record as a whole reflects substantial evidence to support the ALJ's decision. *See Sledge v. Astrue*, 364 Fed. App'x 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

In particular, the Court finds that the ALJ's RFC determination is supported by substantial evidence, including sufficient medical evidence. *See* Tr. 169-72; *Twyford v. Comm'r, Soc. Sec. Admin.*, 929 F.3d 512, 518 (8th Cir. 2019) ("We do not require that every aspect of an RFC finding 'be supported by a specific medical opinion,' only that it 'be supported by some

5

medical evidence of the claimant's ability to function in the workplace.'" (quoting *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016)).  The Court finds that the ALJ properly considered the supportability and consistency of the medical opinion of podiatrist Christopher Sloan regarding Plaintiff's impairments.  (Tr. 29-32).  And the Court finds that the record was sufficiently developed to support the ALJ's decision, and she was under no obligation to obtain an additional medical opinion.  Although there was no medical opinion on record regarding Plaintiff's physical abilities during the relevant period, the Eighth Circuit has long held that objective medical findings and other medical evidence can constitute sufficient medical support for an RFC assessment in the absence of opinion evidence.  *See Steed v. Astrue*, 524 F.3d 872, 875-76 (8th Cir. 2008).

The Court acknowledges that the record contains conflicting evidence, and the ALJ could have reached a different conclusion.  But this Court's task is not to reweigh the evidence presented to the ALJ.  The ALJ's weighing of the evidence here fell within the available "zone of choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion.  *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**VI.   CONCLUSION**

Having reviewed the entire record, the Court finds that the ALJ made a proper RFC determination based on a fully and fairly developed record.  Consequently, the Court determines that the ALJ's decision is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

Dated this 27th day of September, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE